## JUBB *v.* THORP ET. AL.

BILL OF EXCEPTIONS: ALLOWANCE.—Under sections 300 and 303 of the
Civil Code a bill of exceptions to be allowed must be presented to the
court for allowance, and on a day not beyond the first day of the next
succeeding term.

ERROR to the District Court of Uinta County.

The facts are stated in the opinion.

*H. Garbanati*, for plaintiff in error.

*C. N. Potter*, for defendant in error.

SENER, C. J.   This case comes here upon a writ of error
from the district court held in and for Uinta county.   The
facts are that the plaintiff in error here, brought before a
justice of the peace in Uinta county an action of unlawful
entry and detainer for certain premises; the justice gave her
judgment of restitution and judgment for costs.   She then
appealed to the district court where the case was tried and
certain findings made as of December 1, 1877; upon these
on the 15th of July, 1879, the district court of Uinta
county entered judgment for the defendants there, the
defendants in error, giving them their costs amounting to
$17.40; to this judgment Jubb, by her attorney, excepted,
and leave was given her until the first day of the next
term to file her bill of exceptions.

The case was heard at the last term of this court on the
defendant's motion to dismiss the writ of error on the
ground that no proper bill of exceptions was signed, and
that the court has no authentic record of the questions
concerning said case.

This motion we hold to be well taken.   As will be
readily seen by inspecting secs. 300 and 303 of the Com-
piled Laws, a bill of exceptions to be allowed must be pre-

sented to the court for allowance, and on a day not beyond the first day of the next term: and, if true, the judge composing the court, is to allow and sign it. Now an inspection of what purports to be the bill of exceptions here will show that Judge Peck, who signed it, did not allow it or say it was correct; this he said he could not do, but moreover the permission to present a bill of exceptions in this case given by the district court of Uinta county at its July term A. D. 1879, was to present it at the January term A. D. 1880, on the 5th day of January at the county seat of said county, and to the court sitting there and for that county. So far from this being done and so complying with the statutes, what purports to be the bill of exceptions in this case is signed by Judge William Ware Peck at Cheyenne, on the 3d of January, A. D. 1880, not only outside of the county but absolutely outside of the jurisdiction of the court. Such a paper under the statutes of Wyoming cannot be treated as a bill of exceptions in any sense, and hence we find the case here without any bill of exceptions: wherefore the defendant's motion must be sustained, the writ of error dismissed, the cause discontinued here and the clerk of this court directed to notify the clerk of the district court of Uinta county that the judgment in this case entered in said district court at the July term, 1879, has become final by reason of this opinion and order.

Ordered accordingly.